Jaspreet KAUR, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74227.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Richard E. Oriakhi, Esq., Roman & Singh, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jaspreet Kaur ("Kaur") petitions for review of the Board of Immigration Appeals'

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("BIA") summary affirmation of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We review the IJ's decision and affirm.

Although minor inconsistencies that do not go to the heart of a petitioner's claim cannot form the basis of an adverse credibility determination, *see Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003), it is appropriate for an IJ to consider lack of specificity of testimony when making this judgment. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Viewing the record as a whole in light of these considerations, substantial evidence supports the IJ's conclusion that Kaur's testimony was not credible.

Specifically, Kaur did not address the lack of a plausible explanation for taking computer classes while allegedly in hiding, other than to say that such an inconsistency does not go to the heart of her claim. The fact that she was in hiding, however, goes directly to the heart of her claim that she feared persecution from the police were they to ascertain her whereabouts. Additionally, Kaur was inconsistent with regard to dates central to the heart of her claim of political persecution, alternately testifying that: (1) she had returned home while in hiding to vote, because voting for her political party was paramount; (2) that she was in hiding for the majority of 1998; and (3) that she did not vote in the elections of 1998. With no explanation for this inconsistency other than confusion, it cannot be said that the IJ overlooked or did not properly weigh evidence in the record that compels a conclusion that petitioner's testimony is credible. *See INS v. Elias–*

*Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Even if we were to decide that Kaur's testimony is credible and that she has therefore established a presumption of a well-founded fear based on past persecution, the Government has rebutted any such presumption with the submission of the 1997 addendum to the 1996 State Department Report on India, which details changed country conditions specific to Sikhs in the Punjab region that would allow Kaur to return there safely. *See Popova v. INS,* 273 F.3d 1251, 1259 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**